FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

SEP 25 2009

JAMES N. HATTEN, Clerk
By ▲▲▲▲▲ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFERY ALAN TEAGUE,<br>Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: | CRIMINAL NO.<br>1:06-CR-0355-TWT-GGB-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | CIVIL ACTION NO.<br>1:08-CV-2824-TWT |

## ORDER AND OPINION

This matter is currently before the Court on Movant Jeffery Alan Teague's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 59), the Government's response thereto (Doc. 67), and Movant's traverse (Doc. 68).

### I. PROCEDURAL HISTORY

A federal grand jury charged Movant with two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 ("Counts One and Two"). (Doc. 10). Movant pled guilty to both counts, pursuant to a negotiated plea agreement. (Doc. 35). The plea agreement provides that Movant "voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground," unless his sentence exceeds the applicable Sentencing

Guideline range or the government appeals his sentence. (Id., plea agreement at 13). Movant signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in a post-conviction proceeding for any reason whatsoever. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 14-15). Moreover, the plea agreement makes clear that the Court could impose a maximum statutory sentence of twenty (20) years of imprisonment on each count and "that no one [could] predict [Movant's] exact sentence." (Id. at 3).

At the plea hearing, Movant was sworn in and confirmed that he had not consumed any alcohol, narcotic drugs, medicine, or pills within the past twenty-four (24) hours . (Doc. 39 at 2-4). The Court explained to Movant the rights he was giving up by pleading guilty, and Movant stated that he understood and was willing to give up those rights. (Id. at 4-7). Movant agreed with the Government's summary of the terms of the plea agreement and acknowledged that he was not entering into the guilty plea under any threats or coercion . (Id. at 7-10). Additionally, Movant confirmed that no one had promised him anything

2

beyond what was contained in the plea agreement, nor had anyone assured him of a particular sentence, or advised him "not to tell the complete truth." (Id. at 10). Counsel also confirmed that he had not promised Movant a particular sentence. (Id. at 11). Movant agreed that he had had enough time to talk with his counsel about his decision to plead guilty and was satisfied with counsel's representation. (Id. at 11-12). Movant stated that he understood the elements of his offenses. (Id. at 12-13). The Government and the Court advised Movant that the maximum punishment that could be imposed for his offenses was twenty (20) years on each count for a total of forty (40) years of imprisonment, and Movant confirmed that he understood. (Id. at 13-14). The Court also discussed the Sentencing Guidelines with Movant, and that the Guideline recommendation is only advisory. (Id. at 14-15). Next, the Court reviewed the terms of the sentence-appeal waiver and its consequences. (Id. at 15). Movant acknowledged that he understood the effect of the waiver, and that no one had threatened or coerced him to give up his right to appeal. (Id. at 15-16). The Court explained that Movant could not later withdraw his plea, even if the sentence he receives is greater than he expected or if the Court decides not to follow the Government's sentencing recommendations. (Id. at 16-17). The Government stated what the evidence would show if the case

3

went to trial, and Movant agreed that he committed the crimes charged in the Indictment. (Id. at 18-22). The Court then accepted Movant's guilty plea. (Id. at 22-23).

On October 26, 2007, this Court imposed 188-month concurrent sentences on Counts One and Two, the lowest end of the Sentencing Guidelines range. (Docs. 55, 58 at 19, 21, 25). On September 5, 2008, Movant, proceeding pro se, filed the instant motion to vacate his sentence claiming that:

(1)  the Government breached the plea agreement; and

(2)  his counsel was ineffective for:
   a.  failing to raise certain objections at sentencing,
   b.  telling him that the Government had agreed to a sentence of no more than 54 months of imprisonment, a leadership role of 3, and a Criminal History category of III,
   c.  failing to object to the Government's breach of the plea agreement by using U.S.S.G. § 1B1.8 protected material for sentencing enhancements, and
   d.  failing to file a timely appeal.

(Doc. 59 at 4-5, Attach.). The Government argues that some of Movant's claims are barred by his valid sentence-appeal waiver, and the remainder lack merit. (Doc. 67).

## II. DISCUSSION

### A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Thus, no hearing is required where, as here, the case is ready for disposition.

### B. Procedurally defaulted claim regarding Government's alleged breach of the plea agreement

Movant claims that the Government breached the plea agreement by using information obtained in Movant's debriefing for sentencing purposes. (Doc. 59 at 5, Attach. at 25-28). Movant did not file a direct appeal.

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. United States v. Frady, 456 U.S. 152, 167-68, (1982); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir.1994). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule, or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective-assistance-of-counsel claim may constitute cause), cert. denied, 531 U.S. 1131 (2001). In order to establish that a failure to review a defaulted claim will result in a fundamental miscarriage of

AO 72A
(Rev.8/82)

justice, Movant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" not presented at trial. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

Movant has not alleged a fundamental miscarriage of justice, but claims that he received ineffective assistance of counsel. As discussed below, Movant has not shown that his attorney's performance failed to meet the Strickland standard. Accordingly, this Court finds Movant's claim that the Government breached the plea agreement procedurally defaulted.

C.  **Movant's ineffective-assistance claims**

As an initial matter, this Court notes that Movant's ineffective-assistance of counsel claims are not subject to the procedural default rule. See Massaro v. United States, 538 U.S. 500, 508-09 (2003) (noting that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-

AO 72A
(Rev.8/82)

pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

First, Movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. Id. at 694. That is, Movant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

1. Counsel's failure to raise certain objections at sentencing

Movant argues that his counsel failed to raise certain objections at sentencing. (Doc. 59 at 4, Attach. at 8-13). "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the

defendant otherwise understood the full significance of the waiver." Id. (Internal quotations omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

During the plea colloquy, the Court specifically questioned Movant about the sentence-review waiver, and it is clear that Movant understood the full significance of the waiver. (Doc. 39 at 15-16). Having thoroughly reviewed the record in this case, this Court finds that Movant voluntarily and intelligently waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. Accordingly, Movant is barred from raising his specific claim that counsel was ineffective for failing to object at sentencing.

2. <u>Counsel's promises regarding Movant's sentence</u>

Movant next claims that counsel told him that the Government had agreed to a sentence of no more than 54 months of imprisonment, a leadership role of 3, and a Criminal History category of III. (Doc. 59, Attach. at 3). Notably, a sentence-review waiver does not preclude a defendant from filing a § 2255 motion to challenge counsel's effectiveness in regard to the validity of a plea and/or

9

sentence-review waiver. Williams, 396 F.3d at 1342 n.2; Cowart v. United States, 139 Fed.Appx. 206, 208 (11th Cir. 2005).

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985). The movant has the burden of affirmatively proving prejudice, Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000), and a movant's bare allegation that he or she would not have pleaded guilty is insufficient to establish prejudice, United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985).

This claim is not supported by the record. Movant's attorney, Steven Howard Sadow, has filed an affidavit in which he denies telling Movant that the Government had agreed to a 54-month sentence. (Doc. 66 at 1-2). The plea agreement stated that the Court could impose a maximum statutory sentence of twenty (20) years of imprisonment on each count and "that no one [could] predict [Movant's] exact sentence." (Doc. 35, plea agreement at 3). During the plea

colloquy, Movant confirmed that no one had promised him anything beyond what was contained in the plea agreement, assured him a particular sentence, or advised him "not to tell the complete truth." (Doc. 39 at 10). Mr. Sadow also confirmed that he had not promised Movant a particular sentence. (Id. at 11). "[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Movant's 188-month sentence was much lower than the 480-month possible maximum sentence. Even assuming that counsel had erroneously estimated his sentence, Movant cannot show that he suffered any prejudice. See United States v. Bradley, 905 F.2d 359, 360 (11th Cir. 1990) (holding that counsel's erroneous estimate of the sentence and offense level "did not warrant withdrawal of the guilty plea where Bradley acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed"); Cruz v. United States, 188 Fed. Appx. 908, 914 (11th Cir. 2006) (unpublished) (movant failed to demonstrate prejudice on the basis that

AO 72A
(Rev.8/82)

"counsel misrepresented facts about the case and sentencing and coerced her into pleading guilty" because the court informed her of "the maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else"); Stewart v. United States, No. 1:07-cv-3045-TWT, 2009 WL 909547 at *10-11 (N.D. Ga. April 2, 2009) (holding that movant failed to state a claim for relief under § 2255 based on allegation that counsel incorrectly informed him that the Sentencing Guidelines indicated a sentence of five years of imprisonment where movant acknowledged that he understood the maximum sentence he faced and "stated that no one promised him a particular sentence in order to induce him to plead guilty"). Therefore, Movant has failed to state a claim of ineffective assistance of counsel on this ground.

### 3. Counsel's failure to object to the Government's alleged breach of the plea agreement

Movant also complains that counsel failed to object when the Government violated his plea agreement by using U.S.S.G. § 1B1.8 protected material for sentencing enhancements. (Doc. 59, Attach. at 14-22). This claim is not supported by the record. In his affidavit, Mr. Sadow states that, based on his investigation, the Government had sufficient evidence not protected by § 1B1.8

12

to support Movant's sentencing enhancements. (Doc. 66 at 2-3). Detailed evidence of both of Movant's mortgage fraud schemes was submitted at his August 8, 2006, detention hearing, which occurred before his debriefing. (Doc. 37). Having thoroughly reviewed the record, the Court finds that all of Movant's enhancements were supported by evidence known to the Government prior to Movant's debriefings. Therefore, Movant has not shown that counsel was ineffective for failing to raise this meritless objection.

4. <u>Counsel's failure to file a timely appeal</u>

A sentence-review waiver also does not preclude a defendant from filing a § 2255 motion to challenge counsel's failure to file a notice of appeal. <u>Gomez-Diaz v. United States</u>, 433 F.3d 788, 793-94 (11th Cir. 2005). To show that counsel was ineffective for failing to file a notice of appeal, the defendant must demonstrate that counsel's failure was objectively unreasonable and prejudiced the defendant. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476-77 (2000). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." <u>Id.</u> at 477. Upon showing that counsel's performance was deficient, the defendant must additionally show prejudice, i.e., that but for counsel's deficient performance, he would have

13

appealed. Id. at 484. Such prejudice may be presumed if the defendant shows that counsel failed to follow specific instructions to file an appeal. Gomez-Diaz, 433 F.3d at 790. When a decision on counsel's effectiveness in failing to file an appeal will require a credibility finding and the pleadings are insufficient to "establish the content of the communications between [the Movant] and his attorney," an evidentiary hearing is required. Id. at 792.

Here, Movant contends that counsel disregarded his instructions to file a notice of appeal. (Doc. 59, Attach. at 23). Counsel, however, contends that Movant did not ask him to file an appeal. (Doc. 66 at 3-4). Accordingly, an evidentiary is necessary to establish the content of Movant's discussion with his counsel concerning his right to appeal.

### III. CONCLUSION

For the foregoing reasons, this Court concludes that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief as to his claims that: (1) the Government breached the plea agreement; and (2) counsel was ineffective for (a) failing to raise certain objections at sentencing, (b) telling him that the Government had agreed to a sentence of no more than 54 months of imprisonment, and (c) failing to object to the Government's alleged breach of the

14

plea agreement. Thus, no evidentiary hearing is required as to those claims. See Diaz, 930 F.2d at 834.

The Court finds, however, that it is necessary to conduct an evidentiary hearing on Movant's claim that counsel was ineffective for failing to file a timely notice of appeal.

**IT IS HEREBY ORDERED** that a hearing in this matter will be held on the 23rd day of October, 2007, at 2:00 pm in Courtroom 2108 on the 21st Floor of the Richard B. Russell Building, Atlanta, Georgia. The Government shall make provision to obtain Movant's and his attorney's appearance at the hearing. The hearing will be limited to the sole issue of whether Movant was provided ineffective assistance of counsel as a result of trial counsel's alleged failure to follow Movant's specific instructions to file an appeal.

15

This case is referred to Magistrate Judge Gerrilyn G. Brill for appointment of CJA counsel to represent Movant at the hearing. See Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts.

**IT IS SO ORDERED** this 25 day of September, 2009.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)