FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

NOV 1 8 2010

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFERY ALAN TEAGUE, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:06-CR-0355-TWT-GGB-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:08-CV-2824-TWT |

## ORDER AND OPINION

This matter is currently before the Court on Movant Jeffery Alan Teague's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 59). On July 8, 2010, the Court conducted an evidentiary hearing to determine whether Movant was provided ineffective assistance of counsel as a result of counsel's alleged failure to follow Movant's specific instructions to file an appeal. (Doc. 80). After the hearing, the parties submitted post-hearing briefs. (Docs. 84-87). Having considered the motion, the evidence presented at the hearing, and the post-hearing briefs, including all attached exhibits, the Court finds that Movant has not shown that his counsel's performance was deficient for failing to file a notice of appeal.

## I.    Summary of Relevant Evidentiary Hearing Testimony

Steve Sadow, the attorney Movant retained to represent him during sentencing, testified that he discussed with Movant the pros and cons of an appeal both before and after sentencing and that Movant never indicated that he wanted to file a direct appeal. (Doc. 81 at 12-14). Mr. Sadow further stated that there was nothing in the record that a rational defendant would want to appeal and that Movant's decision not to appeal was "the only wise decision." (Id.). Mr. Sadow explained that, in light of the Court's comments at sentencing, had Movant not cooperated, his sentence would have been far more severe. (Id.).

Movant testified that he asked Mr. Sadow to file a notice of appeal immediately after sentencing because his sentence "was inconsistent with what [he] had been told." (Id. at 21). Movant also stated that he called Mr. Sadow the next day to request that he file an appeal, and Mr. Sadow responded "fine." (Id. at 22-23). According to Movant, he next spoke with Mr. Sadow approximately four to six months later, between February and April of 2008, and learned that Mr. Sadow had not filed an appeal because the Government "may want [him] to cooperate." (Id. at 23).

On rebuttal, Mr. Sadow reiterated that Movant never asked him to file a notice of appeal and that he never agreed to do so. (Id. at 37). Mr. Sadow further testified

2

that at no time, including the period between February and April of 2008, did Movant indicate that he believed Mr. Sadow had filed an appeal on his behalf. (Doc. 81 at 38).

## II.  **Discussion**

Movant states that "the only issue" before the Court is whether he or Mr. Sadow is more credible and argues that he is the more credible witness. (Doc. 84 at 3-8). In support, Movant has submitted three statements from individuals who assert that, after they expressed concern about the length of his sentence, he told them that his attorney was filing an appeal. (Id., Ex. 11). The Government responds that Mr. Sadow's testimony that Movant never asked him to file an appeal should be believed. (Doc. 85 at 6-15). Movant replies, disputing the Government's arguments regarding his alleged lack of credibility. (Doc. 86). The Government has filed a brief response to address new arguments raised in Movant's reply. (Doc. 87).

To show that counsel was ineffective for failing to file a notice of appeal, the defendant must demonstrate that counsel's failure was objectively unreasonable and prejudiced the defendant. Roe v . Flores-Ortega, 528 U.S. 470, 476-77 (2000). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. When the defendant has neither asked counsel to file, nor refrain from filing, an appeal, the issue

3

Case 1:06-cr-00355-TWT-AJB   Document 88   Filed 11/18/10   Page 4 of 8


becomes whether counsel "consulted with the defendant about an appeal." Id. at 478. "If counsel has consulted with the defendant, . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. Upon showing that counsel's performance was deficient, the defendant must additionally show prejudice, i.e., that but for counsel's deficient performance, he would have appealed. Id. at 484.

The Court does not find credible Movant's testimony that he instructed Mr. Sadow to file an appeal because his sentence far exceeded what he had been told. Rather, the Court finds that Mr. Sadow consulted with Movant about his appeal rights, and that Movant did not direct counsel to file a notice of appeal.[1] Movant's sentence did not exceed the charges to which he plead guilty, as he alleges. The plea agreement stated that the Court could impose a maximum statutory sentence of twenty (20) years of imprisonment on each of the two counts and "that no one [could] predict [Movant's] exact sentence." (Doc. 35, plea agreement at 3). During the plea colloquy, Movant confirmed that no one had promised him anything beyond what was

---

[1] The Court notes that the statements submitted by Movant do not contradict Mr. Sadow's testimony, but merely address what Movant may have told those individuals, and further, the Court agrees with the Government that these statements do not help Movant's credibility. (See Doc. 85 at 8-9).

AO 72A
(Rev.8/82)

contained in the plea agreement, assured him a particular sentence, or advised him "not to tell the complete truth." (Doc. 39 at 10). Mr. Sadow also confirmed that he had not promised Movant a particular sentence. (Id. at 11). Movant's 188-month sentence was much lower than the 480-month possible maximum sentence. Moreover, Movant plead guilty, waived his right to appeal, and received the lowest possible sentence under the Sentencing Guidelines. (Docs. 35, 55, 58 at 25). Under these circumstances, it is unlikely that a rational defendant would want to appeal. See Devine v. United States, 520 F.3d 1286, 1288-89 (11th Cir. 2008).

Additionally, the Court advised Movant regarding his appeal rights after imposition of sentence as follows:

> Mr. Teague, as a part of your plea agreement you waived your right to appeal your sentence; and what I am about to say doesn't affect that waiver in any way. But I am required by law to advise you of your right to appeal. You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there's some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think that the sentence is contrary to law.

> With few exceptions, any notice of appeal must be filed within ten days of judgment being entered in your case. If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of the Court will prepare and file a notice of appeal on your behalf. And if you have any other questions about your

5

rights to appeal, I am sure that Mr. Sadow will be happy to discuss those with you.

(Doc. 58 at 27-28).  Despite the Court's offer, Movant admits that he did not ask the Clerk of Court to prepare and file a notice of appeal on his behalf.  (Doc. 81 at 24). Moreover, although Movant states that he consulted two other attorneys regarding his appellate rights after sentencing, he never asked either of them to file a notice of appeal.  (Id. at 22, 34).

Finally, Mr. Sadow's testimony regarding the reasonableness of Movant's decision not to appeal is supported by the Court's comments at sentencing that Movant was getting a "very, very substantial benefit for his cooperation," in that he faced a potential "360-month sentence" absent his cooperation.  (Doc. 58 at 18).  The Court noted "if ever there was a case where without cooperation I would have upwardly departed, this is it."  (Id.).  Movant has an extensive criminal history, and the charges in this case involved a large-scale mortgage fraud scheme.  In pleading guilty, Movant admitted to committing wire fraud related to this multimillion dollar scheme.  (Doc. 39 at 18-22).  Movant is not a credible witness.  The Court does not believe anything that he says.

AO 72A
(Rev.8/82)

The Court finds, based on Mr. Sadow's credible testimony, that he adequately consulted with Movant about his right to appeal and that Movant did not expressly instruct him to file a notice of appeal after that consultation. Thus, Movant has not shown that his counsel's performance was deficient for failing to file a notice of appeal.

## III.   Certificate of Appealability

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

7

A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir.), cert. denied, 130 S.Ct. 783 (2009). Having thoroughly reviewed the record in this case, the Court concludes that Movant's grounds for relief are not adequate to proceed further and, thus, declines to grant a certificate of appealability.

## IV.   Conclusion

For the foregoing reasons, Movant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 59) is **DENIED**.

Additionally, Movant is **DENIED** a certificate of appealability. Any requests by Movant to seek a certificate of appealability should be directed to the United States Court of Appeals for the Eleventh Circuit

**IT IS SO ORDERED** this _18_ day of _November_, 2010.

Thomas W. Thrash

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)