# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFERY ALAN TEAGUE, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:06-CR-0355-TWT-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:12-CV-0431-TWT-GGB |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Jeffery Alan Teague, has filed a "Motion to Set Aside or Vacate Judgment Under Rule 60(b)(1); 60(b)(3); and Rule 60(b)(4)" [Doc. 105], which the Clerk has filed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons discussed below, I recommend that the motion be **DENIED**.

I. Background

A federal grand jury charged Movant with two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. [Doc. 10]. Movant pled guilty to both counts under a negotiated plea agreement. [Doc. 35]. On October 26, 2007, this Court sentenced Movant to concurrent 188-month sentences on Counts One and Two, the lowest end of the Sentencing Guidelines range. [Docs. 55, 58 at 19, 21, 25].

On September 5, 2008, Movant filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 59]. On September 25, 2009, the Court entered an Order denying § 2255 relief as to Movant's claims that: (1) the Government breached the plea agreement; and (2) counsel was ineffective for (a) failing to raise certain objections at sentencing, (b) telling Movant that the Government had agreed to a sentence of no more than 54 months of imprisonment, and (c) failing to object to the Government's alleged breach of the plea agremeent. [Doc. 69]. The Court also set an evidentiary hearing on Movant's claim that counsel was ineffective for failing to file a timely notice of appeal. [*Id.*]. The Court conducted an evidentiary hearing, and entered an Order on November 18, 2010, denying Movant's § 2255 motion. [Doc. 88].

Movant filed a notice of appeal [Doc. 90], and on May 26, 2011, the United States Court of Appeals for the Eleventh Circuit denied Movant's motion for a certificate of appealability. [Doc. 102].

On February 8, 2012, Movant filed a "Motion to Set Aside or Vacate Judgment Under Rule 60(b)(1); 60(b)(3); and Rule 60(b)(4)" [Doc. 105], which the Clerk filed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In his motion, Movant argues that (1) the Court misread the record and overlooked critical

2

testimony in its determination of the facts when ruling on his first § 2255 motion; (2) the affidavit of his trial counsel, which was relied on by the Government in its response to the § 2255 motion, contained a misrepresentation of the true facts; and (3) the Court neglected to rule on two claims raised in his first § 2255 motion.

II. Discussion

Federal Rule of Civil Procedure 60(b) provides "only a limited basis" for "relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Id.* at 1293-94 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). In such circumstances, the Rule 60(b) movant "is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or [time] bar." *Gonzalez*, 545 U.S. at 532 n.4. "When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the" Anti-Terrorism and Effective Death Penalty Act of 1996. *Williams*, 510 F.3d at 1294. Most fundamental is the requirement that "before a district court can accept a successive habeas petition, the

3

court of appeals must" have previously determined that it raises a claim that is justiciable under 28 U.S.C. § 2244(b). *Id.*

Here, as to Movant's first two claims, Movant is attacking the Court's previous resolution of his § 2255 motion on the merits. Thus, he cannot raise these two claims in a Rule 60(b) motion and must seek authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion in this Court.[1]

With regard to Movant's claim that the Court neglected to rule on two of the grounds raised in his first § 2255 motion, pretermitting whether he can raise the claim now in a Rule 60(b) motion,[2] it is without merit. Movant argues that the Court did not rule on the following two issues: that the Government breached the plea agreement by using privileged information; and that counsel was ineffective for his release of privileged information to the Government. However, the Court ruled on

---

[1]"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[2]According to Fed. R. Civ. P. 60(c)(1), Movant had a year after the Court ruled on his first § 2255 motion to file a Rule 60(b) motion raising this claim. The Court entered its order ruling on the first § 2255 motion on November 18, 2010, and Movant signed this motion on February 6, 2012. [Docs. 88, 105]. Thus, the motion appears to be untimely.

4

these two grounds in its September 25, 2009, Order, finding that the claim that the Government breached the plea agreement was procedurally defaulted and that the claim that counsel released privileged information to the Government was not supported by the record. [Doc. 69 at 6-7, 12-13]. Thus, I find that Movant's motion should be denied.

III. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Jeffery Alan Teague's motion [Doc. 105] be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 11th day of April, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)