IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JEFFERY ALAN TEAGUE,** | : | **MOTION TO VACATE** |
| BOP Reg. # 58309-019, | : | **28 U.S.C. § 2255** |
|     Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:06-CR-355-TWT-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:16-CV-3017-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant, Jeffery Alan Teague, confined in the Yazoo City Low Federal Correctional Institution in Yazoo City, Mississippi, has submitted a 28 U.S.C. § 2255 motion to vacate his convictions in criminal action number 1:06-cr-355-TWT-AJB-1. [Doc. 130.]¹  The § 2255 motion includes a construed motion for evidentiary hearing and construed motion to appoint counsel. [*Id.* at 11.]  The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons discussed below, the undersigned **RECOMMENDS** that

---

      ¹     Citations to the record in this Order and Final Report and Recommendation refer to case number 1:06-cr-355-TWT-AJB-1.  The Clerk is **DIRECTED** to update the docket sheet for that case, as well as case number 1:16-cv-3017-TWT-AJB, to show Movant's current address in Yazoo City, in accordance with his notice of change of address filed on March 7, 2016. [*See* Doc. 127.]

the § 2255 motion be **DISMISSED** as impermissibly successive.  In addition, the undersigned **ORDERS** that the construed motion for evidentiary hearing and construed motion to appoint counsel are **DENIED AS MOOT**.

**I.    Discussion**

In an indictment returned on August 22, 2006, Movant was charged with wire fraud, in violation of 18 U.S.C. §§ 2 & 1343.  [Doc. 10 at 1-2.]  On November 27, 2006, Movant pleaded guilty.  [Doc. 35.]  On October 26, 2007, the District Court sentenced Movant to 188 months imprisonment, followed by three years supervised release.  [Doc. 55 at 1-3.]  Movant did not appeal.

Movant filed a § 2255 motion on September 5, 2008.  [Doc. 59.]  Following an evidentiary hearing, the District Court denied the § 2255 motion on the merits on November 18, 2010.  [Docs. 69, 88.]  The United States Court of Appeals for the Eleventh Circuit denied Movant's motion for a certificate of appealability on May 27, 2011, and denied reconsideration on August 17, 2011.  [Docs. 102, 104.]

Movant filed a "motion to set aside or vacate judgment under [Federal Rule of Civil Procedure 60(b)]" on February 8, 2012.  [Doc. 105.]  The District Court denied that motion on May 11, 2012.  [Docs. 106, 109.]  The Eleventh Circuit denied Movant's motion for a certificate of appealability on November 21, 2012, and denied

2

reconsideration on January 22, 2013.  [Docs. 122, 123.]

Movant filed three copies of a brief arguing that he is entitled to § 2255 relief on July 6 and 16, 2015, and September 8, 2015.  [Docs. 124, 125, 126.]  Movant then filed a "motion to construe" on August 10, 2016, clarifying that he wanted his briefs to be considered as a § 2255 motion.  [Doc. 128.]  On August 17, 2016, the District Court granted the "motion to construe."  [Doc. 129.]  Accordingly, the Clerk docketed Movant's previously-filed briefs as the present § 2255 motion.  [Doc. 130.]  Movant argues that he received ineffective assistance of counsel, and he requests an evidentiary hearing and appointment of counsel.  [*Id.* at 1-11.]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  Unless the Eleventh Circuit authorizes a second or successive motion to vacate, the District Court lacks subject matter jurisdiction to consider such a motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Because Movant's previous § 2255 motion was denied on the merits, he must obtain authorization from the Eleventh Circuit for the District Court to consider a

3

second or successive § 2255 motion. Movant has failed to obtain the necessary authorization. Therefore, the District Court lacks subject matter jurisdiction to consider the present § 2255 motion. *United States v. Florence*, 411 Fed. Appx. 230, 231 (11th Cir. Jan. 25, 2011) (stating that absent authorization to file a second or successive section 2255 motion, a district court lacks subject-matter jurisdiction).

Movant fails to address the issue of subject matter jurisdiction, but he argues that the present § 2255 motion is timely under 28 U.S.C. § 2255(f)(3). [Doc. 130 at 1, 3-4.] Because subject matter jurisdiction is absent, there is no need to address Movant's argument regarding timeliness. *See Lovett v. United States*, Nos. 1:03-cr-139-CC-LTW & 1:12-cv-815-CC, 2012 WL 1134795, at *1 (N.D. Ga. Apr. 4, 2012) ("The issue in this case is not whether Movant timely filed his current motion seeking relief under § 2255, but whether the Court has jurisdiction to consider the motion at all.").

Accordingly, Movant's construed motion for evidentiary hearing and construed motion to appoint counsel are due to be denied as moot.

## II.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's construed motion for evidentiary hearing, [Doc. 130 at 11], and construed motion to appoint counsel, [*id.*], are **DENIED AS**

AO 72A
(Rev.8/82)

**MOOT**.

**IT IS RECOMMENDED** that: (1) the § 2255 motion, [Doc. 130], be **DISMISSED** as impermissibly successive; and (2) civil action number 1:16-cv-3017-TWT-AJB be **DISMISSED**.[2]

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  25th  day of August, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) the Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291); Rule 11(a) of the Rules Governing Section 2255 Proceedings (indicating that § 2253(c) applies to § 2255 motions).

AO 72A
(Rev.8/82)